# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

JESSE PERRY, for Himself and )
all Other Similarly Situated Individuals, )
)
    Plaintiff, )
)
v. )
)
SCOTT COUNTY, )
SCOTT COUNTY SHERIFF, )
Ronnie Phillips )
In His Official Capacity, )
JOHN OR JANE DOES, )
Each Defendant officers sued )
and Severally, )
)
    Defendants. )

## COMPLAINT FOR DAMAGES AND FOR CLASS ACTION CERTIFICATION

COMES NOW, Plaintiff Jesse Perry, by and through the undersigned attorney and files this Complaint for Damages and For Class Action Certification pursuant to Rule 23, as follows:

### PARTIES

**I.    PLAINTIFF**

1.    Plaintiff, Jesse Perry, was at all times material hereto a resident of Scott County, Tennessee and a pre-trial detainee housed in the Scott County Jail. He is representative of the class of all pre-trial detainees confined in the Scott County Jail from June 2016 to approximately September 15, 2016, and brings this action on his own behalf and on behalf of all other persons similarly situated. At all times material hereto,

2. Joinder of all pre-trial and post-trial detainees that confined to the Scott County Jail, and exposed to Inmate X is impracticable for the following reasons:

    a. By virtue of their pre-trial status, locating and identifying each potential Plaintiff could not be done without the cooperation of the Defendants and they are so numerous that it would be impracticable to file separate suits on behalf of each and every one of them;

    b. There are questions of law or fact that are common to the members of the Class.

    c. The claims of Jesse Perry are typical of the claims of the class in the following respects:

        i. Plaintiff tested negative for tuberculosis prior to entrance into the Scott County Jail;

        ii. Inmate X was not tested prior to his placement in general population;

        iii. Plaintiff was exposed to Inmate X;

        iv. Inmate X informed other inmates of his TB status;

        v. Inmate X claimed that he informed jail personnel that he had TB;

        vi. Plaintiff was at high risk of exposure due to the close conferment of the inmates;

        vii. Plaintiff tested positive for TB upon his entrance to state prison;

        viii. Another Inmate who was housed with Plaintiff and Inmate X tested positive for TB after leaving the Scott County Jail.

      ix. Plaintiff suffered life-changing consequences as a result; and

   d. The Plaintiff, as representative of the Class, will fairly and adequately protect the interests of the Class.

3. Failure to grant Class Certification creates the potential for inconsistent or varying adjudications with regard to individual members of the Class, which would establish incompatible standards for the parties opposing the Class or adjudications with respect to individual members of the Class which would substantially impair or impede their ability to protect their interests.

4. The questions of law and/or fact common to the members of the Class predominate over the issues, which only affect individual members of the Class.

## II. DEFENDANTS

5. At all times material hereto, Scott County, a political governmental' entity in Tennessee, was the owner of the Scott County Jail located at 575 Scott High Drive, Huntsville, Tennessee. Defendant Scott County Attorney may be served through the Scott County Mayor, Dale Perdue, at 2845 Baker Highway, Huntsville, Tennessee 37756.

6. It is the statutory duty of the county legislative body to erect and maintain a jail and to keep it in good order and repair at the expense of the county, to properly screen and classify inmates, and it may levy a special tax for this purpose. T.C.A. §§ 5-7-104 and 5-7-106.

7. In addition to the statutory duty set forth in paragraph 2, *supra*, Scott County is required to provide to the Jail sufficient medical personnel as may be needed to provide medical services to those persons confined who require such services at the sole expense of

the County. T.C.A. § 41-4-115.

8. At all times material hereto, Sheriff Ronnie Phillips was the duly elected Sheriff of Scott County. He may be served at his last known place of business at the Scott County Jail located at 575 Scott High Drive, Huntsville, Tennessee 37756.

9. He is statutorily responsible for the day-to-day operation of the Scott County Jail and for the safety of persons housed therein against their will.
T.C.A. § 41-4-101.

10. The Sheriff is charged with keeping the inmates personally or by deputies or a jailer until they are lawfully discharged. T.C.A. § 8-8-201(a)(3).

11. In the discharge of this duty, the Sheriff may appoint jailers for whose actions the Sheriff is civilly liable. T.C.A. § 41-4-101.

12. By Tennessee law, the Scott County Jail, while owned by Scott County, is actually operated by the Scott County Sheriff through his appointed jailers.

13. Scott County is required by law to provide to the jail sufficient medical personnel as may be needed. T.C.A. §41-4-115.

14. Any person employed as a jail administrator, jailer, corrections officer or guard in a county jail or workhouse is required to meet certain minimum statutory qualifications. T.C.A. § 41-4-144.

15. The jailer is obligated to provide adequately screen and classify inmate before placement into general population.

16. Plaintiff has been unable to identify the specific deputies/guards/jailers or corrections officers who failed to assure the screening of newly acquired inmates, including

Inmate X.

17. Through discovery he will attempt to identify them and join them in this litigation unless the Defendant Phillips will identify those persons in their answers to the complaint, allowing Plaintiff to add them more quickly.

## VENUE AND JURISDICTION

18. This is a civil action for money damages brought under the United States Constitution, Tennessee State Constitution, the statutes promulgated by the Tennessee State Legislature including claims falling under the Governmental Tort Liability Act, The Health Care Liability Act, and pursuant to Tennessee common law.

19. This Court has jurisdiction over these claims.

20. Venue is proper in this Court because the cause of action arose in Scott County, Tennessee.

## WAIVER OF IMMUNITY

21. Scott County has waived immunity for harm caused as a result of T.C.A. § 8-8-301, *et. seq.*.

22. Scott County has waived immunity for negligence of deputies or employees of the Sheriff's Department or the County as set out in the Tennessee Governmental Tort Liability Act. T.C.A. § 29-20-205.

23. Immunity for the Sheriff and his employees is waived for certain torts by T.C.A. § 29-20-205.

24. The Sheriff is statutorily required to post a secured bond in an amount not less than One Hundred Thousand Dollars ($100,000.00) to secure his faithful execution of the duties of his office. T.C.A. 8-8-103.

## GENERAL FACTUAL ALLEGATIONS

Generally, Defendants have

    a.    Failed to provide sufficient qualified medical personnel to properly screen incoming prisoners for medical conditions, including diseases.

    b.    Failed to properly screen inmates before placing them in general population of the Scott County Jail.

## SPECIFIC FACTUAL ALLEGATIONS
## AS TO PLAINTIFF JESSE PERRY

25.    On or about June 5, 2016 Plaintiff Jesse Perry was arrested and booked into the Scott County Jail on a violation of parole.

26.    Plaintiff had been released from a correctional facility a short time earlier, and was screened when he left.

27.    He tested negative for TB.

28.    Plaintiff was arrested on a violation of probation out of Scott County.

29.    Plaintiff was put in a pod with at least 40 inmates.

30.    One inmate (Inmate X) stated that he had TB.

31.    Inmate X coughed a lot.

32.    Inmate X stated that he had told jail personnel that he had TB, but they refused to listen to him.

33.    Plaintiff remained in the same with Inmate X until approximately September 15, 2016.

34. On or about September 15, 2016, Plaintiff was transferred to state prison.

35. Upon entrance to state prison, Plaintiff was medically evaluated.

36. Plaintiff tested positive for latent TB.

37. Since that time, Plaintiff had to endure 9 months of a vitamin regimen.

38. As a result of his exposure, Plaintiff will need to submit to yearly testing for TB.

39. As a result of the exposure, Plaintiff will always test positive for TB.

## COUNT I

**Violation of 42 U.S.C.. 1983**
**Violation of 42 U.S.C.. 1985**
**Violation of 42 U.S.C.. 1988**

40. The allegations of the foregoing paragraphs are incorporated herein as if fully set forth.

41. Scott County jail personnel failed to properly screen incoming inmates before placing them in general population.

42. It was the actual and/or accepted policy of Scott County Jail to place inmates in general population before screening them.

43. Such inaction amounts to deliberate indifference to the medical needs of the inmates that it housed, and led to the constitutional deprivation of the rights of Plaintiff and others.

44. Such inaction violates the Eighth Amendment of the United States Constitution.

45. Defendant Does acted in joint concert in that none of Defendants assured that incoming inmates were properly screened before being placed in general population.

46. Despite the fact that Defendant Phillips knew of the needs of persons confined to periodically be seen and evaluated by a licensed physician, and despite the fact

that they had a physician employed as an independent contractor or an employee of the Scott County Jail, Defendant Phillips established a "protocol" that incoming inmates could be housed without be screened.

47. These restrictive protocols were established by the Defendants as a cost-saving measure and reflected a deliberate indifference to the actual medical needs of the persons confined, including Plaintiff.

48. As a result of these policies and procedures established by Defendant Scott County Sheriff Phillips, Plaintiff contracted TB.

49. Plaintiff was required to undergo a nine month regime medical regimen. Plaintiff is also required to undergo yearly examinations.

## COUNT II

### Res Ipsa Loquitur

50. The allegations of the foregoing paragraphs are incorporated herein as if fully set forth.

51. Before entering the Scott County Jail, Plaintiff never tested positive for TB.

52. While in the Scott County jail, Plaintiff was exposed to Inmate X, who admitted to having TB.

53. Upon leaving the Scott County Jail, but still remaining in custody, Plaintiff tested positive for latent TB.

54. Another inmate who was housed with Plaintiff and Inmate X tested positive for B.

55. For the above reasons, the doctrine of Res Ipsa Loquitur applies

56. As a direct and proximate result of Defendant's negligence, Plaintiff has

suffered damages in an amount to be proven at trial.

## COUNT III

### NEGLIGENT TRAINING AND SUPERVISION OF JOHN AND JANE DOES

57. The allegations of the foregoing paragraphs are incorporated herein as if fully set forth.

58. Defendant Phillips had a statutory obligation to assure that inmates were properly screened before introduction to general population.

59. That duty was not met.

60. Failure to meet that duty resulted in Plaintiff being housed with Inmate X who had TB. The exposure to Inmate X caused Plaintiff to contract TB.

## COUNT IV

### OUTRAGEOUS CONDUCT
### INFLICTION OF EMOTIONAL DISTRESS

61. The allegations of the foregoing paragraphs are incorporated herein as if fully set forth.

62. The actions of Defendants on between June 2016 and September 2016, directed at the Plaintiff was outrageous and utterly intolerable in a civilized society, and were done either with the specific intent to cause emotional distress to him or were done with a reckless disregard of the probability of causing emotional distress.

63. As the actual and proximate result of Defendants' extreme and outrageous conduct, Plaintiff has suffered emotional distress, fear, anxiety, humiliation and embarrassment.

64. Defendants Scott County, Tennessee and Defendant Phillips are liable to the Plaintiff for emotional distress.

## **RELIEF**

WHEREFORE Plaintiff sues Defendants joint and severally, and seeks the following relief:

1. Class certification
2. Compensatory damages be awarded in the amount to be determined at trial;
3. Punitive damages be awarded in the amount to be determined at trial;
4. Reasonable attorney's fees;
5. Expenses associated with the cost of this litigation;
6. Prejudgment interest;
7. Any other remedy allowed by law;
8. That a jury is demanded to hear this matter.

Respectfully submitted, this ____ day of June, 2017.

*[signature]*
URSULA BAILEY, BPR# 020616
Law Office of Ursula Bailey
422 South Gay Street, Ste. 301
Knoxville, TN 37902
*Attorney for Plaintiff*